MOODY, *Petitioner for Review, versus* LARRABEE *& al.*

By c. 246, § 13, of the Acts of 1852, it is provided, that all petitions for review may be heard and determined by the presiding Justice at any term held for the trial of jury cases, subject to exceptions to any matter of law by him so decided and determined.

The facts established by the testimony on such petition, and the ascertainment of those facts are solely for the determination of the presiding Justice, to which exceptions do not lie.

ON EXCEPTIONS from *Nisi Prius,* SHEPLEY, C. J., presiding.

PETITION for a review.

After hearing the evidence offered on the petition, the presiding Judge ruled, that he saw no cause for disturbing the verdict.

The petitioner filed exceptions, which were allowed for the purpose of bringing the question before the full Court, the presiding Judge doubting if they would lie.

*Moody, pro se.*

*May,* for defendant, submitted the case without argument.

APPLETON, J. — The granting or refusing the review of an action is a mixed question of law, and of judicial discretion, to be determined according to the varying facts of each particular case. By R. S., c. 123, § 1, the Justices of the Supreme Judicial Court are authorized to " grant a review in all civil actions, including petitions for partition originally commenced in the late Court of Common Pleas or District Court, and in which judgment has been or shall be rendered in that Court, whenever *they shall judge it reasonable and for the advancement of justice without being limited to particular cases."* It was enacted by § 2, of the same chapter, that " any Justice of the District Court may, concurrently with the Supreme Judicial Court, grant reviews of actions of the kinds and in the circumstances mentioned in the preceding section in which judgment was rendered in said District Court," &c. It will be perceived, that while the authority to grant a review was conferred on the Supreme Judicial Court, as a court of law, and to be exercised by them at the terms. appointed for hearing and determining questions of law, that a single Justice of the District Court might, at his discretion, grant or refuse a review without power of appeal by the aggrieved party or the right to exceptions in case any question of law had been erroneously decided. The anomaly existed of conferring on a single justice of an inferior Court powers, which were denied to a Justice of the highest judicial tribunal of the State.

No reason was perceived why a power which had been safely intrusted to, and satisfactorily exercised by a Justice of the District Court, might not be judiciously conferred on a single Justice of the Supreme Court. Accordingly, to facilitate the speedy determination of this class of questions, among other changes made by the Act approved April 9, 1852, c. 246, it was enacted by § 13, that all petitions for review might "be heard and determined by the presiding Justice at any term held for the trial of jury causes, subject to *exceptions to any matter of law by him so decided and determined.*" All matters of fact or of discretion are left entirely to the determination of the presiding Justice, whose decision is final.

But it was perceived, that in the hearing of reviews, as in the trial of other causes, questions of law might arise. The evidence offered, if legally admissible, might determine the legal rights of the parties. The presiding Justice might grant or refuse a review, accordingly as he should adjudge the evidence offered competent or not competent. If it were legally admissible he would grant it, if not, he would refuse it. So it might be a question of law, whether the facts proved would constitute a defence, and he would grant or refuse a review according to his decision of the law upon the facts thus proved. If in cases of this description the presiding Justice should decide the law erroneously, a review might be granted or refused, when but for this error as to the law, his decision would have been the reverse of what it was. Intending to decide according to law and mistaking the law, his decision would be the reverse of what it would have been were it not for such mistake. To meet this contingent danger the decision of the Justice before whom the review was heard, was made "subject to exceptions to any matter of law by him so decided and determined," so that if a review should be granted or denied through any misconception of the law, the error might be rectified by the full Court without the trouble and expense of a jury trial.

To accomplish this purpose, the facts must be determined by the presiding Justice and if any question of law arises upon those facts, according to the determination of which the review is to be granted or denied, it is to be definitely decided, and to such decision the party aggrieved may except.

The question submitted in this case to the presiding Justice, being whether it was reasonable, and for the advancement of justice, that a review of the original action should be had, the testimony of L. Larrabee was peculiarly proper to show the circumstances under which the payment of three hundred dollars was made, to enable him to appreciate the equities of the case and satisfactorily to determine what was required in the exercise of a sound discretion.

After hearing the evidence the Judge ruled, that he saw no cause for disturbing the verdict. This can only be regarded as a simple statement of the conclusions to which, after the hearing, he had arrived. It is neither the decision nor the determination of any matter of law.

*Exceptions overruled. — Review denied.*